United States Bankruptcy Court: District of Minnesota

Case Number: 16-32918

Debtor: Brandon Lee Ganz

1595 Peach Court NE

Sauk Rapids, MN 56379

DOB: 03/29/1988

Creditor: Brain Gerry Maleska

37013 Co Rd 2

Saint Joseph, MN 56374

DOB: 01/27/1984

Jurisdiction: Plaintiff and Defendant and Transferred business are all located in Minnesota.

Narrative Statement:

    May 12th Brandon Lee Ganz took possession of Cowboy Cycle

~~June 6th of 2014 Brandon Lee Ganz agreed and signed a purchase agreement~~ with Brian Gerry Maleska for the purchase of Cowboy Cycle for the amount of $50,000.00. Brandon Lee Ganz implied the liquidation of his retirement to purchase Cowboy Cycle. Brandon Ganz stated in his bankruptcy filing he has no funds in a retirement account.

Ganz was to have paid for Cowboy Cycle by June 15th according to the purchase agreement.

On July 6th of 2014 Brian Maleska and Ronald Maleska were at Brian Maleska's residency when approached by Ganz. He told Maleska that if he didn't take $30,000 for the business he would turn him in to the IRS. Ganz withheld receipts from when Maleska owned Cowboy Cycle and was attempting to black mail Maleska. (See attached text message)

July 7th of 2014 Brain and Ronald Maleska went to Cowboy Cycle to talk with Ganz about payment. Ganz had the police escort them off the property. (See Police report)

Cowboy Cycle was in business through August. Brandon took over half of the businesses asset and inventory to Sturgis Bike Rally in South Dakota on August 4th 2014. When returning August 9th near Faith, South Dakota on Highway 212 the trailer of inventory and equipment started on fire the trailer and everything inside was destroyed. Maleska was an additional policyholder through Colonial Insurance. Maleska did not receive convensation for the lost inventory.

Ganz neglected to pay lease to Myrel Neumann; therefore he was locked out of the business located at 2767 Quail Road NE Sauk Rapids, MN. Unsure of the exact date. After a year of no payment from Ganz, Neumann liquidated the rest of the business to recoup some of his loss from the lease. Ganz paid One month of the twenty-four month lease for the shop. After three months of non-payment Ganz was locked out. February of 2015 there was multiple break-ins to the building after Ganz was locked out. Attached there are 2 police reports.

Allegations: Ganz swindled and stole Cowboy Cycle from Maleska, with no intention of payment.

There relief Brian Gerry Maleska is seeking from Brandon Lee Ganz is the $50,000 that was granted from the judge in the earlier settle case between Ganz and Maleska.

*Brian Maleska*

12-12-16

B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) 320-267-7191 | ADVERSARY PROCEEDING NUMBER (Court Use Only) RECEIVED 16 DEC 12 AM 8:27 U.S. BANKRUPTCY COURT MINNEAPOLIS, MN |
|---|---|
| **PLAINTIFFS** Brian Gerry Maleska<br>37013 co Rd 2<br>St. Joseph, MN 56374 | **DEFENDANTS** Brandon Lee Ganz |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br><br>2007duke990@gmail.com | **ATTORNEYS** (If Known) Robert Russell III<br>220 W Washington Avenue Po Box 117<br>Fergus Falls, MN 56538-0117 |
| **PARTY** (Check One Box Only)<br>☐ Debtor         ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor      ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☒ Debtor         ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor      ☐ Other<br>☐ Trustee |
| **CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)<br>Swindled and fraudulent Plaintiff out of business and inventory with not intentions to pay. Sold businesses inventory for cash profit. | |

### NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☒ 13-Recovery of money/property - §548 fraudulent transfer
☒ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☒ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☒ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny
(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☒ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $50,000.00 |
| Other Relief Sought | |

**B1040 (FORM 1040) (12/15)**

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | | |
|---|---|---|---|
| NAME OF DEBTOR<br>Brandon Lee Ganz | BANKRUPTCY CASE NO.<br>16-32918 | | |
| DISTRICT IN WHICH CASE IS PENDING | DIVISION OFFICE | NAME OF JUDGE<br>WJF | |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | | |
| PLAINTIFF | DEFENDANT | | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE<br>St. Paul | NAME OF JUDGE<br>WJF | |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | | |
| DATE<br>12-12-2016 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Brian Maleska | | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs and Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.